UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MELANIE K. LEESON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:14-cv-01223-RLY-TAB |
| ) | |
| CAROLYN W. COLVIN, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION
ON PLAINTIFF'S BRIEF IN SUPPORT OF APPEAL**

The parties appeared by counsel on July 15, 2015, for an oral argument on Plaintiff's brief in support of appeal. Set forth below is the Court's oral ruling from the bench following that argument. This ruling recommends that the ALJ's determination be reversed and that this case be remanded for further proceedings. Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1). Failure to file timely objections within fourteen days after service shall constitute waiver of subsequent review absent a showing of good cause for such failure.

THE COURT: Thank you for your patience. I will now give you my recommended decision in this case. This is an appeal by Melanie Leeson from an unfavorable decision of the Administrative Law Judge dated March 11, 2013. Plaintiff has a history of severe headaches and was treated by neurologist Nancy Frappier, who consistently diagnosed her as having chronic migraine headaches. Record at 298. After approximately two years treating with Dr. Frappier without any significant improvement, the Plaintiff began treating with neurologist Rachel Pfeiffer. Dr. Pfeiffer's reports show the frequency of the Plaintiff's headaches

and include references such as headaches three days per week, once or twice per week where the pain becomes severe and she has to retreat to a quiet, dark room.  And on another occasion at least four migraines per week, and a statement from the Plaintiff that she could not remember the last time she was completely headache free.  Record at 590, 599, and 603.  Dr. Pfeiffer referred Plaintiff to a pain management specialist, Dr. Anthony Sabatino, who treated Plaintiff with medial branch blocks and an epidural steroid injection.  Record at 625.  Dr. Pfeiffer completed an FMLA questionnaire on May 24, 2012, and stated in relevant part, "Ms. Leeson has severe migraine headaches three-four times per week superimposed on chronic headache (constant) and neck pain.  These can be incapacitating, confining her to bed for one-two days at a time."  Record at 596.

      Before I address the specific arguments Plaintiff raises, I must note that the brief submitted by the Defendant is surprisingly disappointing.  I am all in favor of brevity, but the Defendant's brief contains only about five pages of argument.  And the Defendant fails to respond to several significant arguments asserted by the Plaintiff.  Those responses, in my view, were not particularly helpful or persuasive, and I have come to expect better briefing by counsel who argued this case.  I know he is undoubtedly extremely busy with a large volume of Social Security cases, but it would certainly be helpful to the Court to have some more substance to this uncharacteristically minimal submission.

      The Plaintiff first argues that the ALJ engaged in a faulty analysis of her credibility.  To a large extent, this argument is based on the fact that the ALJ told the Plaintiff he thought she seemed like an incredibly sincere woman with an excellent work record who is suffering sincerely and for real.  Record at page 101.  Despite these comments at the hearing, the ALJ found Plaintiff to be less than credible.  Record at 31.

      However, just because the ALJ stated at the hearing he thought Plaintiff was sincere does not mean that the ALJ's subsequent credibility determination is patently wrong.  Upon reflection,

the ALJ may have reassessed Plaintiff's credibility. Ultimately the ALJ's written order trumps comments about credibility that were made at the hearing. This is not to say that comments during a hearing have no relevance, as we will see later. But they must be taken in proper context and considered in light of the written opinion.

Plaintiff also challenges the ALJ's credibility determination because it contains boilerplate language that the Seventh Circuit has frowned upon. However, the mere inclusion of such language does not require remand or constitute error as long as the ALJ otherwise explains the reasons for his credibility finding.

More troubling, however, is the following statement by the ALJ: "Her noncompliance for therapeutic counseling for her depression which, in turn, would further help relieve her headaches undermines the credibility regarding her claim of disabling headaches." Record at 29. A more appropriate term would have been the word "might," not "would." Interestingly, at the hearing when the ALJ encouraged the Plaintiff to seek counseling, he emphasized that he was not saying that counseling would help her, only that it might help her. Record at pages 101 through 102. The ALJ also failed to explore the Plaintiff's reasons for the lack of medical care before drawing a negative inference as to the Plaintiff's credibility. Again, I don't believe these issues are sufficient to overturn the credibility finding. But as I will discuss, I believe the case should be remanded for other reasons; and therefore, the ALJ should take that opportunity to take a fresh look at the Plaintiff's credibility for the reasons I have noted. In doing so, the ALJ would be well advised to more carefully explain the basis for characterizing Plaintiff's daily activities as rather robust. Record at 31.

In my view the ALJ made a fatal flaw in insisting upon objective physical findings to support the Plaintiff's allegations of migraine headaches. Near the conclusion of the hearing, just before the ALJ posed two hypothetical questions to the vocational expert, the ALJ stated: "My mind isn't made up because we haven't seen all the medical records, but I need objective medical

3

evidence to substantiate physical or mental conditions that result in limitations and affect your job environment and I don't have any of these. I have none to go on, but I don't have any objective medical evidence, mental or physical, to substantiate [Plaintiff's testimony]. So I am not telling you my mind is made up. I am telling you that we have additional records that we are going to submit to those two experts. If there is no additional limitations, the answer is going to be no." And then the ALJ stated: "But I think absent the lack of physical, medical, objective evidence in your application for Social Security benefits is exceedingly limited." Record at 100 through 102. The ALJ went on to cite to the testimony of medical advisor Dr. Karl Manders for the proposition that "the medical evidence did not show any physical findings with regard to headaches." Record at 31.

      The ALJ's comments at the hearing and in his written opinion erroneously required objective medical evidence, particularly as it relates to evaluation of migraine headaches. While a claimant's self-reported symptoms alone are insufficient to establish disability, *see* 20 CFR Section 404.1528(a), these symptoms, when documented by a physician in a clinical setting are, in fact, medical signs which are associated with severe migraine headaches and are often the only means available to prove their existence. *See Carradine v. Barnhart*, 360 F.3d 751 (7th Cir. 2004), and *Villano v. Astrue*, 556 F.3d 558 (7th Cir. 2009). In addition, I find that the ALJ failed to follow Social Security Ruling 96-8p when he omitted any discussion of absences from work that the Plaintiff's severe headaches would necessarily entail.

      Dr. Manders testified that Plaintiff did not have any functional limitations. However, the Plaintiff's disability claim is not based upon her inability to, for example, sit or stand or walk. Instead, it is based on her inability to work on a regular and continuing basis. Even Dr. Manders acknowledged that the Plaintiff's headache pain was real and that the Plaintiff might miss a lot of days of work. Record at pages 63 and 72. However, the hypothetical questions the ALJ propounded to the vocational expert, Gail Corn, omitted all references to any need to miss work

4

due to severe headaches. Likewise, the ALJ erred in failing to incorporate the Plaintiff's migraine headaches into his residual functional capacity assessment.

Social Security Ruling 96-9p requires that an ALJ consider all relevant evidence when determining a claimant's RFC. In this case, the medical records from Dr. Frappier and Dr. Pfeiffer are replete with references to the frequency with which the Plaintiff experiences severe, debilitating headaches. Even Dr. Manders acknowledged that the Plaintiff's headaches could cause her to miss work. Furthermore, the Plaintiff testified that when she gets a severe headache she has to lie down and go to a dark, quiet room to try to sleep. Record at 83. Accordingly, I find the ALJ erred in failing to incorporate these headache-related limitations into his RFC.

In addition, I find that the ALJ erred in rejecting the opinions of Plaintiff's treating physician. A treating physician opinion that is consistent with the record is generally entitled to controlling weight. *Schaff v. Astrue*, 602 F.3d 869, 875 (7th Cir. 2010). An ALJ who rejects a treating physician's opinion must provide a sound explanation for doing so. The Seventh Circuit has repeatedly stated that an ALJ must minimally articulate reasons for crediting or rejecting a treating physician's opinion and that the decision must build an accurate and logical bridge from the evidence to the conclusion. See *Clifford v. Apfel*, 227 F.3d at 863 at 870 (7th Cir. 2000).

Here, Dr. Pfeiffer completed an FMLA questionnaire and wrote that the Plaintiff had severe migraine headaches three to four times per week superimposed on chronic headache which could be incapacitating and confined the Plaintiff to bed for one or two days at a time. Dr. Pfeiffer also wrote that the Plaintiff's migraines occurred multiple times each week lasting one to two days, some of which confine her to bed. The Plaintiff's husband, according to the form, would need to prepare meals and provide care for the Plaintiff when she was confined to bed. Dr. Pfeiffer further wrote that the Plaintiff would require intermittent care one to two days per week during which time she would need help getting food and water and other items. Dr. Pfeiffer also felt the Plaintiff would have episodic flareups preventing her from participating in

normal daily activities which would occur two to four times per week lasting 24 to 48 hours each.  Record at 596 through 98.

Despite this record evidence the ALJ made no specific finding as to the weight he was giving Dr. Pfeiffer's opinions as they relate to the Plaintiff's migraine headaches.  Dr. Pfeiffer was a neurologist who treated the Plaintiff specifically for her headaches and saw the Plaintiff every few months for more than a year after Plaintiff had seen a previous neurologist for a couple of years without satisfactory relief from her headaches.  The ALJ failed to acknowledge this or give sufficient reasons for discounting Plaintiff's treating doctor.  Instead the ALJ simply gave medical consultant, Dr. Manders, controlling weight.  As a result, the ALJ failed to build an accurate and logical bridge from the evidence to his conclusions.  As such, I find a remand is appropriate.

In conclusion, I find that the ALJ did not err with respect to his credibility determinations but that the ALJ erred in several other regards as I have set forth.  Therefore, in my view, this case should be remanded, and upon remand, the ALJ should take the opportunity to make a fresh credibility assessment.

I will ask the court reporter to transcribe that portion of this proceeding that reflects that ruling, and I will have that filed on the docket.  This is a recommended decision, and any objection to that recommendation will need to be filed within 14 days after the date that the transcript is filed on the record.  Thank you very much.

Date:  8/7/2015

_____
Tim A. Baker
U.S. Magistrate Judge
Southern District of Indiana

Distribution:

Thomas E. Hamer
tom@tomhamerlaw.com

James B. Geren
OFFICE OF GENERAL COUNSEL, SOCIAL SECURITY ADMINISTRATION
james.geren@ssa.gov

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov